UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL ROBERTSON,

                    Plaintiff,

v.                                                                       Case No. 24-C-0893

DUSTIN HASKELL, et al.,

                    Defendants.

## DECISION AND ORDER

      Plaintiff Jermel Robertson is incarcerated at the Milwaukee Secure Detention Facility and representing himself in this 42 U.S.C. §1983 action. On July 17, 2024, along with his complaint, Robertson filed a motion for leave to proceed without prepayment of the filing fee. He also filed an uncertified copy of his trust account statement for the period of May 9 through June 28, 2024. That same day, the clerk's office sent Robertson a letter explaining that, within twenty-one days, he must submit a certified copy of his institutional trust account statement for the period of January 17 through July 17, 2024. The letter explained that the statement he sent was inadequate. Dkt. No. 4. On August 12, 2024, a few days after the deadline set by the clerk's office, Robertson filed an uncertified copy of his trust account statement for the period of July 1 through August 1, 2024. Robertson also included a form stating that he does "not have the money on [his] account to pay for the 6 months statement." Dkt. No. 6-1.

      Under 28 U.S.C. §1915(a)(2), "[a] prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The Court does not have the authority to

excuse Robertson from this statutory requirement, but even if it did, it would not. According to the uncertified copies of his trust account statement, since May 15, 2024, Robertson has spent more than $120 at the canteen, including $20.49 on July 10 and $17.20 on July 17, the same day he initiated this case. Robertson chose to spend his money at the canteen rather than set aside money to pay for a certified copy of his trust account statement and an initial partial filing fee. He bears the consequences of that choice. *See, e.g., Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) ("But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action.")

The Court will give Robertson until **August 28, 2024** to submit a certified copy of his trust account statement covering the period of **January 17 through July 17, 2024**. If he fails to do so, the Court will dismiss this action without prejudice based on his failure to comply with 28 U.S.C. §1915(a)(2) and the Court's orders and his failure to pay the filing fee.

**SO ORDERED** at Milwaukee, Wisconsin on August 16, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge